LAW OFFICES OF
# ROBERT L. GELTZER

1556 THIRD AVENUE
NEW YORK, NEW YORK 10128
(212) 410-0100

FACSIMILE (212) 410-0400

April 8, 2011

**BY FAX ONLY  (718) 263-1685**

Naresh M. Gehi, Esq.
The Pickman Building
118-21 Queens Blvd.
Suite 411, 4th Floor
Forest Hills, NY 11375

   Re: Song Park - Case No. 11-40745 (CEC)
      Yongdae Park - Case No. 11-40747 (CEC)

Mr. Gehi:

  <u>NOTA BENE</u>:  **NEVER** shall I be intimidated by your threats and accede to abstaining from, or in any way diminishing or detracting from, my fiduciary duties. Moreover, if you so much as intimate a threat to me again I shall explore and effectuate against you any and all legal remedies including, perhaps, instituting any civil causes of actions that may lie, and making any appropriate referrals, including to the Disciplinary Committee for violations of the New York Rules of Professional Conduct, and the Chief Judge's Standards for Civility under Administrative Order #568.

  By your telephone calls to me on April 6, 2011, you again unsuccessfully attempted to compel me to forsake my duties to investigate the above two debtors by threatening to resurrect your formerly unfounded and, as you wrote on March 14, 2011, "amicably resolved" complaint if I did not agree to extend your time further in turning over documents to me to enable me to administer properly the above estates, cooperation with which is a duty of the debtor pursuant to §521 of the Bankruptcy Code. All the documents of the debtors and their wholly-owned same or similar business enterprises, operated or operating at the same location or next door to each other, directly or indirectly, became estate property on February 1, 2011 when the petitions were filed. At the meeting conducted pursuant to §341 of the Bankruptcy Code on March 8, 2011, I demanded all of the debtors' financial books and records for a period of six years preceding the filing of the petition, and the books and records of their businesses for that same period or for the lives of those businesses, whichever were less -- and I demand them again at this time.

Again, your threats to resurrect your unfounded complaint unless I further extended that time will not be tolerated by me. During our phone conversation I never, in any way, demanded any money from the debtors inasmuch as I do not know whether any money is owing to their respective estates, and cannot know that unless and until I have received and reviewed the documents and, if necessary, examined the debtors. All I stated to you was that -- and I reiterate here -- if all those documents are not turned over to me, I shall apply for orders to retain counsel and an accountant, and for orders for examinations under Rule 2004 which, if not complied with, would result in adversary proceedings to deny or revoke your clients' discharges; additionally, I state that I shall also move, if appropriate, to hold them in contempt of Court if they do not comply with such orders under Rule 2004, to which, in any event, the attorney who appeared on your behalf consented on the record.

I believe that those demands for documents are eminently clear and, as I explained to you yesterday, "all" means just that. The only documents that you provided pursuant to my demands were: Mr. Park's 2010 tax returns, two (2) pages of the books and records of his business from 2009 to 2010, six (6) pages for Ms. Park's business from 2006 to 2008, and a Verified Answer to a complaint against her. Interestingly, what is conspicuously absent are all documents pertaining to $150,000.00 loans each debtor scheduled and the disposition of the proceeds from those loans, to say nothing of any and all other financial records of the debtors and their businesses. I trust you do know that concealing property from the trustee is a violation of 18 U.S.C. §152(1), (7) and/or (9), and carries with it penalties of fines and imprisonment of up to five years, or both.

Both cases were adjourned to April 12, 2011 at 12:00 p.m. as holding dates subject to the receipt of the required documents prior to that time. Had the attorney who appeared paid attention to that, rather than to concocting complaints against me as written in your mendacious March 8, 2011 letter, she would know that.

Finally, your very letter of April 6, 2011 is prima facie evidence of your desire to threaten and to attempt to intimidate me inasmuch as it does not seem to me to be a matter in which a competent and capable attorney would need to invoke the Chief Judge, and the United States Trustee, and the Assistant United States Trustee, and, thus, only could have been written to intimidate.

Yours etc.,

cc: Honorable Carla E. Craig
Tracy Hope Davis, Esq. (by email)
Alicia M. Leonhard, Esq. (by email)

P.S. I also suggest you review your website for any misleading, unfair and/or deceptive statements, as, for example, your intimation that your firm actually was the agent in "discharging millions of dollars in debt."